UNITED STATES COURT OF APPEALS
**Filed 8/13/96**
FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

SYED LOKMAN, STATE OF
KANSAS, DEPARTMENT OF
HUMAN RESOURCES and BOARD
OF COUNTY COMMISSIONERS,
SEDGWICK COUNTY, KANSAS,

     Defendants,

KANSAS STATE BANK AND
TRUST COMPANY,

     Defendant-Third-Party-
     Defendant,

   and

SYED M. TAHER and SABIHA
TAHER,

     Defendants-Third-Party
     Plaintiffs-Appellants.

No. 94-3316
(D.C. No. 92-CV-1606)
(D. Kan.)

ORDER AND JUDGMENT[*]

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court

(continued...)

Before TACHA, ALDISERT,[**] and BALDOCK, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

This appeal arises from the district court's grant of summary judgment to the United States on its suit to foreclose a loan against appellants. On August 30, 1995, this court abated consideration of this appeal and ordered status reports from the parties. Two further orders for status reports were entered on December 14, 1995 and June 5, 1996, the latter order directing the parties to show cause why the appeal should not be dismissed. The parties have filed their responses.

---

[*](...continued)
generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

-2-

The United States represents that appellants, debtors in an ongoing bankruptcy proceeding, have been discharged from the debt created by the loan agreement which formed the basis for the government's action in district court. Additionally, the government states that the property, both real and personal, which was the security for the loan in question, has been sold. Accordingly, the government asserts that "appellant has no real stake in the outcome of this appeal." Appellee's Response, at 2.

In their response to the court's show cause order, appellants adopt the government's statements in toto. Accordingly, as it appears to the court that no real case or controversy exists between the parties to this appeal, the appeal is dismissed as moot. See Dais-Naid, Inc. v. Phoenix Resource Cos. (In re Texas Int'l Corp.), 974 F.2d 1246, 1247 (10th Cir. 1992).

Entered for the Court


Ruggero J. Aldisert
Senior Circuit Judge